UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TIRON ALEXANDER,

                                                                          **OPINION & ORDER**

                          Plaintiff,

                                                                          26-CV-1028
            v.                                                            (Gonzalez, J.)
                                                                          (Marutollo, M.J.)

AMERICAN AIRLINES, INC.,

                          Defendant.
-------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Plaintiff Tiron Alexander brings this action against Defendant American Airlines,

Inc., raising various claims stemming from a purported safety and/or security incident during the

boarding process of American Airlines Flight 4609 on August 22, 2022. *See generally* Dkt. No.

16.[1]  The Honorable Hector Gonzalez, United States District Judge, has referred this matter to the

undersigned for pretrial purposes. *See* Text Order, dated Mar. 5, 2026; Text Order, dated Aug. 4,

2026.

Presently before the undersigned are Plaintiff's July 29, 2026 emergency application for a

temporary restraining order ("TRO")[2] (Dkt. No. 33), Defendant's motion for leave to file a

---

[1] This case was commenced in the District Court for the Southern District of New York and was subsequently transferred to this District on February 18, 2026. Dkt. No. 7. When this action was still pending in the Southern District of New York, Plaintiff filed another action against the same Defendant, which the Court dismissed as duplicative of the instant action. *See Alexander v. Am. Airlines, Inc.*, No. 26-CV-498 (S.D.N.Y.).  Plaintiff recently filed another case in the Southern District of New York, *see Alexander v. NBCUniversal Media, LLC, et al.*, No. 26-CV-5958 (S.D.N.Y.), and also has recently filed several other federal cases in Georgia. *See, e.g.*, *Alexander v. Middle Ga. State Univ., et al.*, No. 26-CV-122 (M.D. Ga.); *Alexander v. Middle Ga. State Univ., et al.*, No. 26-CV-3798 (N.D. Ga.).

[2] Although styled as a TRO, Judge Gonzalez noted that "the motion is, in fact a discovery-related motion concerning preservation of materials controlled by Defendant." Text Order, dated Aug. 4, 2026.  Because this case has been referred to Magistrate Judge Marutollo for pretrial purposes, Judge Gonzalez directed that Plaintiff's motion and the related motions to seal "will be decided by Judge Marutollo in due course." *Id.*

document under seal (Dkt. No. 38), and Plaintiff's motion for leave to file a document under seal (Dkt. No. 41). For the reasons set forth below, the Court denies Plaintiff's motions and denies Defendant's motion.

## I.  **Relevant Background**

The Court presumes the parties' familiarity with the underlying facts and claims.[3] On July 29, 2026, Plaintiff filed his application for a TRO, seeking an order "directing the immediate forensic imaging and data preservation of specific electronic mailboxes and server files controlled by Defendant."[4] Dkt. No. 33 at 1. Plaintiff argues that such a preservation order is necessary because "an ongoing, nationwide American Airlines system-wide IT infrastructure collapse and subsequent data-restoration process" on or about July 28, 2026 ("the Event") that poses "an immediate, catastrophic threat of spoliation to highly volatile corporate security evidence central to this action." *Id.*

On July 31, 2026, Defendant opposed Plaintiff's motion and simultaneously filed a motion for leave to electronically file the opposition under seal. Dkt. No. 38. Plaintiff opposed Defendant's sealing motion. Dkt. No. 39.

On August 4, 2026, Plaintiff filed a supplemental exhibit and letter in further support of his TRO application. Dkt. No. 42.

---

[3] Discovery is currently stayed pending the Court's July 31, 2026 order. *See* Text Order dated Jul. 31, 2026.

[4] Plaintiff initially electronically filed the TRO motion under seal and *ex parte* without leave of the Court. *See* Dkt. No. 33. The Court directed Plaintiff to show cause why Plaintiff's motion and the accompanying exhibits should remain restricted. Text Order, dated July 29, 2026. Plaintiff filed a response to the Court Order, stating that the sealed/*ex parte* filing was an inadvertent error and requesting that the motion and accompanying exhibits be unsealed. Dkt. No. 34. The Court then directed the Clerk of Court to unseal and unrestrict the relevant documents. Text Order, dated July 29, 2026.

## II.     Defendant's Motion to Seal

The Court denies Defendant's motion to seal its opposition to Plaintiff's motion for a TRO.  A party requesting the sealing of court documents must overcome a strong presumption in favor of public access to judicial records.  *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006).  "[I]t is well established that the public and the press have a qualified First Amendment right to . . . access certain judicial documents."  *Id.* at 120 (internal quotation marks and citation omitted).  Generally, judicial documents may be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* (citation omitted).  "The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."  *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17-CV-7417 (VM) (HBP), 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (citation omitted).

Here, Defendant argues that its opposition should be sealed in its entirety because the opposition "address[es] confidential information concerning the nature and effect of the Event and [Defendant]'s assessment and response."  Dkt. No. 38 at 1.  Defendant further argues that "[p]ublic disclosure at this stage could reveal aspects of [Defendant]'s internal incident-assessment and response processes and cause preliminary or incomplete information to be taken out of context."  *Id.*  Defendant attaches an unsealed copy of its opposition to its letter (Dkt. No. 38-1), as well as a proposed redacted copy of its opposition (Dkt. No. 38-2), per the Court's prior Order.  *See* Text Order, dated July 31, 2026.

The Court finds that Defendant's sealing request is not narrowly tailored, as it seeks to seal the entire opposition, not merely information Defendant claims preserves higher values. Moreover, although "protecting a company's IT information fits comfortably within other 'higher values' consistently recognized by courts in this Circuit," *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581 (PKC) (JLC), 2021 WL 4135007, at *4 (S.D.N.Y. Sep. 10, 2021), there is no such sensitive or otherwise confidential information included in Defendant's opposition. Rather, Defendant states in its opposition that Defendant's "broader review of the Event is highly confidential and remains ongoing," but Defendant's opposition does not actually contain information regarding that "highly confidential" review. Dkt. No. 38-1 at 1. Defendant's opposition contains only general information related to the Event, such as the overall nature of the interruption and the length of the ground stop, at least the latter of which is already publicly available information.[5]

The proposed redacted version fares no better. Indeed, the proposed redacted language is largely the same as a press statement Defendant issued following the Event. *See American Airlines Flights Resume After Brief IT Outage Led to Nationwide Ground Stop*, ABC NEWS (July 28, 2026), https://abcnews.com/US/american-airlines-flights-grounded-nationwide-due-outage-faa/story?id=135172101 (noting that Defendant's public statement said that a "technology issue briefly impacted connectivity" and that "[c]onnectivity has been fully restored").

Accordingly, Defendant has not established a basis for sealing the opposition, or even portions of the opposition, and Defendant's motion at Dkt. No. 38 is denied.

---

[5] *See* David Shepardson, *American Airlines Resumes Flights After IT Issue Forced Brief Nationwide Halt*, REUTERS (July 28, 2026), https://www.reuters.com/world/faa-issues-american-airlines-nationwide-ground-stop-over-it-outage-2026-07-28/ (describing the outage).

Defendant is directed to publicly file a copy of its opposition (Dkt. No. 38-1) by August 6, 2026.

### III.   <u>Plaintiff's Motion to Seal</u>

Plaintiff's opposition to Defendant's motion to seal included as an attachment a copy of Defendant's motion to seal. *See* Dkt. Nos. 40, 40-1.  Plaintiff claims that he inadvertently publicly filed the copy of Defendant's motion, and that he intended to file it under seal.  Dkt. No. 41. Plaintiff moves to seal the copy of Defendant's motion that he inadvertently publicly filed. *Id.*

In light of the denial of Defendant's motion to seal, Plaintiff's motion to seal at Dkt. No. 41 is denied as moot.

### IV.   <u>Plaintiff's Motion for a Preservation Order, Styled as a TRO</u>

 The Court denies Plaintiff's motion at Dkt. No. 33.

Plaintiff styled his motion as an "emergency" TRO seeking an order directing "immediate forensic imaging and data preservation" of document in Defendant's possession, citing Federal Rules of Civil Procedure 26(c) and 65(b).  Dkt. No. 33 at 1.  Although styled as a TRO, as Judge Gonzalez previously stated, Plaintiff's motion is "in fact a discovery-related motion concerning preservation of materials controlled by Defendant."  Text Order, dated Aug. 4, 2026.  Indeed, Plaintiff requests that the Court direct Defendant to preserve relevant evidence and cites Rule 26. Accordingly, the Court appropriately considers Plaintiff's motion as a request for a preservation order in the context of discovery.[6]

"Parties to a lawsuit are duty bound to preserve relevant material, including electronically stored information ('ESI'), in anticipation of and during litigation under the Federal Rules of Civil Procedure."  *Tyler v. Peterson*, No. 20-CV-6186 (JMA) (JMW), 2022 WL 11629009, at *3

---

[6] The Court previously stayed discovery pending resolution of Defendant's anticipated motion to dismiss the Second Amended Complaint.  *See* Text Order, dated July 31, 2026.

(E.D.N.Y. Oct. 20, 2022) (citing Fed. R. Civ. P. 37(e)); *see also Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (noting that "anyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary"). Therefore, although "an order from the Court directing a party to preserve evidence is not typically asked for or even needed," courts have found that "a preservation order may be warranted where a party can demonstrate that evidence is some danger of being destroyed absent court intervention." *Tyler*, 2022 WL 11629009, at *3 (citation omitted); *see also Toussie v. Allstate Ins. Co.*, No. 15-CV-5235 (ARR) (PK), 2018 WL 11451597, at *4 (E.D.N.Y. Aug. 15, 2018) (noting that "courts have the authority to issue preservation orders to enforce litigants' preservation obligations" and "[i]ssuing such an order is especially appropriate in situations where there is a 'reasonable probability that pertinent or relevant information' will be 'lost or destroyed or is at risk of loss or destruction' absent entry of the order" (citations omitted)). "Different courts have applied various standards in determining whether to enter a preservation order . . . but, at a minimum, the party seeking a preservation order must demonstrate that the evidence is in some danger of being destroyed absent a court order." *Tyler*, 2022 WL 11629009, at *3 (first quoting *Micolo v. Fuller*, No. 15-CV-6374 (EAW), 2016 WL 158591, at *1 (W.D.N.Y. Jan. 13, 2016); and then citing *Jumpp v. Anaya*, No. 3:13-CV-1228 (JBA) (JGM), 2015 WL 2237516, at *1 (D. Conn. May 1, 2015) ("When considering motions to preserve evidence, courts generally apply a balancing test that weighs the specific, significant, and imminent threat of loss or destruction of evidence against the burden that preserving that evidence would impose.")); *see also Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370-72 (S.D.N.Y. 2006) (discussing the balancing test for determining whether to issue a preservation order).

6

Here, Plaintiff asserts that Defendant's response to the Event "threaten[s] to overwrite, compress, or permanently scrub the historical transaction metadata and server logs of key custodians." Dkt. No. 33 at 2-3. Plaintiff has not proffered any evidence in support of his argument that the requested documents are in danger of being deleted apart from simply his belief that "IT infrastructure disruption presents a potential risk to the integrity and preservation of relevant evidence." Dkt. No. 42 at 2. Indeed, Defendant has clarified that "the Event caused no data loss or alteration, did not affect the systems through which [Defendant] preserves custodians' email and OneDrive content, and did not interrupt the document preservation litigation hold implemented for this matter." Dkt. No. 38-1 at 1. Defendant further states that "no relevant information was lost[] and [Defendant]'s litigation hold in this matter remained fully operative." *Id.* at 2. In short, Plaintiff has not shown that there is a danger of relevant documents being destroyed absent a court order.

Accordingly, Plaintiff has not demonstrated that a preservation order is warranted. *See, e.g.*, *Obiagwu v. Amean*, No. 25-CV-6918 (PAE) (JW), 2026 WL 1760818, at *2 (S.D.N.Y. June 18, 2026) (denying motion for preservation order where plaintiff provided no evidence to suggest that defendants were likely to destroy the identified video, and defendants were already on notice to preserve the video because plaintiff had emailed counsel for defendants requesting preservation); *In re Zeta Glob. Data Priv. Litig.*, No. 25-CV-5780 (PAE), 2026 WL 1283618, at *2 (S.D.N.Y. May 11, 2026) (denying request for preservation order where plaintiffs made only "speculative assertions" in support of spoliation and the court found "no basis to distrust defendants' reassurances that they understand and will heed their obligations to preserve such material" (citations omitted)); *Ok-gu v. DistroKid, Inc.*, No. 25-CV-9818 (VSB), 2026 WL 621823, at *6 (S.D.N.Y. Mar. 4, 2026) (denying motion for a preservation order because plaintiff presented

no evidence that "defendants did or will destroy evidence or that the evidence is otherwise at risk of destruction" (citations omitted)).

## V.       Conclusion

The Court denies Plaintiff's motions (Dkt. Nos. 33 and 41) and denies Defendant's motion (Dkt. No. 38).

Dated:        Brooklyn, New York                    **SO ORDERED.**
              August 5, 2026

                                        _/s/ Joseph A. Marutollo_
                                        JOSEPH A. MARUTOLLO
                                        United States Magistrate Judge

8